UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| R.C., | CASE NO. 5:23-cv-00872 |
| Plaintiff, | OPINION & ORDER |
| | [Resolving Doc. 88] |
| v. | |
| CHOICE HOTELS INTERNATIONAL, INC., et al., | |
| Defendants. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this hotel sex trafficking case, Plaintiff R.C. sues three hotel companies for violations of the Trafficking Victims Protection Reauthorization Act. Among those three hotel companies are Defendants Six Continents Hotels, Inc. and Holiday Hospitality Franchising, LLC (the Insured Defendants).

Erie Insurance Exchange asks the Court for permission to intervene in this case. Erie wishes to intervene so that it may seek a declaratory judgment regarding its insurance coverage obligations to the Insured Defendants.[1] Both Plaintiff and Insured Defendants oppose intervention.[2]

Erie argues that it is entitled to intervene either of right or permissively. This Court has already denied two similar intervention motions by insurers in a similar hotel sex trafficking case.[3] Because, for purposes of intervention, the relevant circumstances in this

---

[1] Doc. 88 at PageID #: 528.
[2] Docs. 90, 91.
[3] *S.C. v. Wyndham Hotels & Resorts, Inc.*, No. 1:23-CV-00871, 2023 WL 4879941 (N.D. Ohio Aug. 1, 2023); *S.C. v. Wyndham Hotels & Resorts, Inc.*, No. 1:23-CV-00871, 2023 WL 6603213 (N.D. Ohio Oct. 10, 2023).

Case No. 5:23-cv-00872
GWIN, J.

case do not differ in any meaningful way from the circumstances in the Court's other hotel sex trafficking case, the Court **DENIES** Erie's motion.

**Intervention of Right.** Federal Rule of Civil Procedure 24(a) entitles a party to intervene a case when that party (1) files a timely intervention motion; (2) has a substantial legal interest in the case; (3) will have its interests impaired without intervention; and (4) the existing parties do not adequately represent its interests.[4] Erie does not satisfy any of these four factors.

Erie learned of this lawsuit by at least November 2022.[5] However, Erie did not file its intervention motion until December 26, 2023, over a year after it learned about this lawsuit.[6] And when Erie filed its motion, trial in this case was already scheduled for May 13, 2024, just five months from the date of Erie's motion.[7] Erie's intervention motion is not timely.

Erie's motion also fails on the last three factors for the same reasons that the insurer intervention motions failed in this Court's other hotel sex trafficking case: Erie's legal interest is contingent, not substantial; Erie may file a separate declaratory judgment action after the Court denies intervention; and the Insured Defendants share the same interest as Erie in avoiding liability in this case.[8]

Therefore, the Court **DENIES** intervention of right.

**Permissive Intervention.** A party may permissively intervene under Federal Rule of Civil Procedure 24(b) if that party "has a claim or defense that shares with the main action a

---

[4] *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (citation omitted).
[5] Doc. 90-1 at ¶ 5.
[6] Doc. 88.
[7] Doc. 69.
[8] *S.C.*, 2023 WL 4879941, at *1; *S.C.*, 2023 WL 6603213, at *1.

- 2 -

Case No. 5:23-cv-00872
GWIN, J.

common question of law or fact."[9] Even if such a common question exists, courts should still be reluctant to permit intervention if doing so "will unduly delay or prejudice the adjudication of the original parties' rights."[10]

Here, there are no common questions between Erie's insurance coverage dispute and Plaintiff R.C.'s claims under the Trafficking Victims Protection Reauthorization Act.[11] And since trial is less than four months away, introducing new insurance issues into this case will delay resolution of Plaintiff's original claims.

Therefore, the Court **DENIES** permissive intervention.

\* \* \*

For the reasons above, the Court **DENIES** Erie's motion to intervene.

IT IS SO ORDERED.

Dated: January 25, 2024            *s/    James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[9] Fed. R. Civ. P. 24(b)(1)(B).
[10] Fed. R. Civ. P. 24(b)(3).
[11] *S.C.*, 2023 WL 4879941, at \*1; *S.C.*, 2023 WL 6603213, at \*1.