UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

R.C.,                                                        :                    CASE NO. 5:23-cv-00872

      Plaintiff,                                    :                              OPINION & ORDER
                             :                              [Resolving Doc. 111]

v.                                                            :

CHOICE  HOTELS  INTERNATIONAL,   :
INC., et al.,                                              :

      Defendants.                                :

                                :

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this hotel sex trafficking case, Defendant Choice Hotels International, Inc. has subpoenaed Plaintiff's social security disability counsel for documents related to Plaintiff's social security disability application.[1]  Choice primarily asks for materials that were submitted or produced to the social security office as part of Plaintiff's application.[2]

Plaintiff's social security counsel now moves to quash this subpoena at Plaintiff's direction.[3]  Social security counsel claims that the subpoena requires him to disclose privileged and confidential information.

Federal Rule of Civil Procedure 45(d)(3) governs motions to quash subpoenas. Plaintiff's social security counsel appears to be relying on Rule 45(d)(3)(A)(iii), which requires courts to quash or modify subpoenas that ask for "disclosure of privileged or other protected

---

[1] Doc. 113-3.
[2] *Id.*
[3] Doc. 111.

Case No. 5:23-cv-00872
GWIN, J.

matter, if no exception or waiver applies."[4]  Plaintiff's social security counsel has the burden

of persuasion.[5]

However, most of the documents that Choice seeks are likely not privileged.

"Voluntary disclosure of communications made with one's attorney to a third party generally

waives the attorney-client privilege."[6]  So, documents that were submitted to the social

security office as part of Plaintiff's disability benefits application—the bulk of the documents

requested—are probably not privileged.  Moreover, two of the subpoena requests specifically

call for "non-privileged materials."[7]

The Court also notes that Plaintiff put her social security disability application at issue

because Plaintiff's claimed disability is also Plaintiff's alleged injury in this case.  And

Defendant Choice first tried to request such social security documents from Plaintiff directly.

Only when Plaintiff responded that she did not have such documents in her possession[8] did

Choice subpoena Plaintiff's social security counsel.

Of course, Defendant Choice's subpoena might sweep in some privileged or work

product information.  But that is not reason to quash the subpoena entirely.  Rather, to the

extent that privileged or work product documents fall within the scope of the subpoena,

Plaintiff's social security counsel may withhold those documents and provide a privilege

log.[9]

---

[4] Fed. R. Civ. P. 45(d)(3)(A)(iii).

[5] *Plain Loc. Sch. Dist. Bd. of Educ. v. DeWine*, 335 F.R.D. 115, 119 (N.D. Ohio 2020) (citation omitted).

[6] *Cooey v. Strickland*, 269 F.R.D. 643, 652 (S.D. Ohio 2010) (quoting *Libbey Glass, Inc. v. Oneida Ltd.*, 197 F.R.D. 342, 347 (N.D. Ohio 1999)).

[7] *See* Doc. 113-3 at PageID #: 2205.

[8] Doc. 113-1 at PageID #: 2190.

[9] *DeWine*, 335 F.R.D. at 120 (denying motion to quash when the subpoena target could produce non-privileged material while withholding and logging privileged material).

Case No. 5:23-cv-00872
GWIN, J.

For these reasons, the Court **DENIES** the motion to quash. Plaintiff's social security

counsel may log and withhold any documents that are privileged or work product.

IT IS SO ORDERED.


Dated: February 21, 2024            *s/      James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE