UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
|---|---|---|
| R.C., | : | CASE NO. 5:23-cv-00872 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 112] |
| v. | : | |
| | : | |
| CHOICE HOTELS INTERNATIONAL, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this hotel sex trafficking case, Defendant Choice Hotels International, Inc. moves to seal various exhibits that Choice filed with its dispositive motion.

When parties seek to "place material in the court record," sealing is disfavored.[1] There is a "'strong presumption in favor of openness' as to court records,"[2] so "[o]nly the most compelling reasons can justify" sealing.[3]

Applying this strict standard, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Choice's sealing motion.

Defendant Choice Hotels seeks to seal the following: (1) Plaintiff R.C.'s medical records; (2) Plaintiff R.C.'s mental health records; (3) Plaintiff R.C.'s criminal records; (4) portions of Plaintiff R.C.'s deposition transcript containing Plaintiff's identifying information; (5) portions of Plaintiff S.C.'s discovery responses containing Plaintiff's identifying information; (6) Choice's franchise agreement and related addendums; (7) Choice's franchise

---

[1] *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).
[2] *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)).
[3] *Id.* (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).

Case No. 5:23-cv-00872
GWIN, J.

rules and regulations; (8) Choice's quality assurance reports; (9) compilation exhibits quoting language from the above categories of information; (10) Choice's dispositive motion brief; and (11) a Choice affidavit supporting Choice's dispositive motion.[4]

There are compelling reasons to seal Plaintiff R.C.'s identifying information. The Court earlier entered a protective order safeguarding R.C.'s identity from disclosure in pre-trial proceedings due to R.C.'s privacy interests.[5] That same rationale still applies here. So, Defendant Choice must file R.C.'s medical and mental health records under seal in their entirety. Defendant Choice must redact R.C.'s identifying information from her deposition transcript and discovery responses, criminal records, compilation exhibits, Choice's dispositive motion brief, and Choice's affidavit. Defendant Choice must file unredacted versions of those documents under seal.

However, Choice has not shown there are compelling reasons to seal most franchise-related information. Choice's franchise agreement, rules and regulations, and quality assurance reports likely contain information that is important to the question of how much control Choice has over its franchised hotel. In turn, Choice's level of control is central to Plaintiff R.C.'s agency liability theory.[6]

The public has a strong interest in learning such information to both "assess for itself the merits of judicial decisions" and understand "the conduct giving rise to the case.[7] By contrast, Choice has a weaker interest in keeping this information confidential.

---

[4] Doc. 112 at 2–3.
[5] Doc. 71.
[6] *See* Restatement (Third) Of Agency § 1.01 cmt. f (2006).
[7] *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179–80).

Case No. 5:23-cv-00872
GWIN, J.

To the extent that Choice claims these franchise documents contain information about how Choice brands differentiate themselves from other hotel brands,[8] competitors can gather such information by visiting Choice's branded properties, all of which are open to the public.[9] Although Choice offers an affidavit saying that competitors would not be able to gather such information by just visiting,[10] the affidavit is too conclusory to support sealing.[11]

That said, information about franchise fees and royalties are likely trade secret, so Choice may redact such information.[12] If Choice redacts that information, it must file unredacted copies under seal.

In summary, the Court **GRANTS** Choice's sealing motion only as to Plaintiff R.C.'s identifying information, and franchise fee or royalty information. Choice shall redact such information from its filings, except that Choice shall file R.C.'s medical and mental health records under seal in their entirety. The Court otherwise **DENIES** Choice's sealing motion.

IT IS SO ORDERED.

Dated: February 21, 2024          *s/    James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[8] Doc. 112-1 at ¶ 17.
[9] *S.C. v. Wyndham Hotels & Resorts, Inc.* ("*S.C. I*"), No. 1:23-cv-00871, 2024 WL 530585, at *1 (N.D. Ohio Feb. 9, 2024).
[10] Doc. 112-1 at ¶ 18.
[11] *S.C. v. Wyndham Hotels & Resorts, Inc.* ("*S.C. II*"), No. 1:23-cv-00871, 2024 WL 584996, at *1 (N.D. Ohio Feb. 13, 2024).
[12] *S.C. I*, 2024 WL 530585, at *1.

- 3 -